UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MICHAEL AND CATHY SALYERS, | ) |
| Plaintiffs, | )<br>)<br>) Civil Case No. 14-cv-143-JMH |
| v. | )<br>) |
| STATE FARM FIRE AND CASUALTY CO., | )<br>) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | )<br>) |

\*\*\*

This matter is before the Court upon Defendant State Farm Fire and Casualty Co.'s ("State Farm") Motion for Summary Judgment [DE 5]. The time for a response has expired, *see* LR 7.1(c), and Plaintiffs have filed no objections. Accordingly, the Court considers the facts asserted in the Motion for Summary Judgment and Memorandum in Support to be undisputed. Further, this Court will grant summary judgment in favor of Defendant as the motion and supporting materials, including the undisputed material facts, show that Defendant is entitled to relief.

**I.**

A fire occurred at Plaintiffs Michael and Cathy Salyers' home at 109 Combs Street, Jackson, Breathitt County, Kentucky, on or about October 30, 2011. Following the fire, Plaintiffs made a claim with State Farm under a fire loss insurance policy issued to them, number 17-BJ-F525-4, which provided coverage for

the loss, including coverage for the dwelling (Coverage A), coverage for the personal property of the Plaintiffs (Coverage B), and coverage for living expenses of the Plaintiffs for a period of time during which the Plaintiffs arranged alternative housing or replaced the insured premises. (Coverage C). Plaintiffs' claims for benefits under Coverage A and Coverage B were paid to the Plaintiffs and are not in dispute. The only dispute arises out of State Farm's payment of benefits under Coverage C.

Coverage C of the policy provides as follows:

> 1. Additional Living Expense. When a Loss insured causes the residence premises to become uninhabitable, we will cover the necessary increase in cost your incur to maintain your standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle elsewhere; or (c) 24 months. This coverage is not reduced by the expiration of this policy.

Following the presentation of the Plaintiffs' claim for these living expenses under Coverage C, State Farm began making payments and determined that a reasonable period for the reconstruction of the Plaintiffs' premises would be through January 6, 2013. The Plaintiffs were notified by letter from State Farm, dated July 30, 2012, that the living expenses payable under Coverage C would therefore expire on January 6,

2013, leaving them responsible for any expenses incurred thereafter. $41,306.71 in benefits were paid to Plaintiffs under Coverage C for living expenses through January 6, 2013. No payments for living expenses after January 6, 2013 were made.

On February 6, 2014, the Plaintiffs filed the subject suit alleging that the State Farm policy required payments to be made for the full twenty-four (24) months following the loss and should not have been terminated on January 6, 2013. In its Motion for Summary Judgment, Defendant argues that Plaintiffs' claims are barred under the policy's contractual limitations clause which provides that, with respect to suits against the insurer, "no action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage."

For the reasons which follow, the Court agrees and shall grant summary judgment in favor of Defendant.

**II.**

This Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On motions for summary judgment, courts resolve all reasonable inferences in favor of the non-moving party and focus their inquiry on the pivotal issue of "whether

3

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 251-52 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment is appropriate. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quotation marks and citation in original omitted).

### III.

The question before this Court is whether, as a matter of law, the contractual limitations clause contained in the subject insurance policy is enforceable and whether it bars Plaintiffs' claims in this matter. On the undisputed facts and in light of the applicable law, the Court concludes that the one year limitations clause is enforceable and that Plaintiff's claim is barred by the application of the limitations clause and the passage of time as set forth below.

Substantive Kentucky law applies in this diversity case. *Hanover Ins. Co. v. Am. Eng'g Co.,* 33 F.3d 727, 730 (6th Cir. 1994) (citing *Miller's Bottled Gas, Inc. v. Borg-Warner Corp.*, 955 F.2d 1043, 1049 (6th Cir. 1992); *Nat Harrison Assoc., Inc. v. Louisville Gas & Elec. Co.,* 512 F.2d 511, 513 (6th Cir.

4

1975)). Under Kentucky law, the "the construction of insurance contract provisions comprise questions of law for the court, unless disputed facts are involved." *Id*. (citing *Perry's Adm'x v. Inter-Southern Life Ins. Co.*, 71 S.W.2d 431, 433 (Ky. 1934)). Further, the terms and conditions of a contract of insurance control the contractual relationship between the insurer and insured, absent contravention of public policy or statute. *See Meyers v. Kentucky Med. Ins. Co.*, 982 S.W.2d 203, 209-10 (Ky. Ct. App. 1997) (quoting *Cheek v. Commonwealth Life Ins. Co.*, 126 S.W.3d 1084, 1089 (1939)).

In this instance, no one disputes that the parties entered into a contract containing a one-year limitation on actions, measured from the time of loss. Further, on the facts before it, the Court concludes that the one-year limitation term in the contract is enforceable. *See, e.g.,* KRS 304.14-370 (permitting insurance companies in Kentucky to include coverage terms setting a limitations period of no less than one (1) year); *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 404 (6th Cir. 2005) (citing *Edmondson v. Penn. Nat'l Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 756 (Ky. 1989); *Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17, 18-19 (Ky. Ct. App. 1978)) ("Contract provisions limiting the time within which an insured may sue are generally valid under Kentucky law.").

Next the Court considers the impact of the application of the one-year limitations period in light of the undisputed facts (1) that the subject claim arises from a fire at the Plaintiffs' home on October 30, 2011, (2) that State Farm terminated living expenses payments under the coverage as of January 6, 2013, and (3) that Plaintiffs' suit was commenced in Breathitt Circuit Court no earlier than February 6, 2014. This matter was filed out of time if the Court calculates the limitations period from the date of the fire, which is the only loss averred in this action. Further, even if Plaintiffs could persuade the Court that their cause of action accrued at some later date, including the date that living expenses were terminated, for example, the matter would be time barred under the contractual limitation. More than two years passed after the damage caused by the fire and more than one year passed after payments for additional living expenses under Coverage C were terminated before this suit was commenced.

As the contract's own terms bar the suit before the Court, the Court will dismiss Plaintiffs' claims and enter judgment in favor of Defendant.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [DE 5] is **GRANTED**.

This the 22nd day of July, 2014.



Signed By:
*Joseph M. Hood*  /s/
Senior U.S. District Judge