UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MICHAEL AND CATHY SALYERS, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Case No. 14-cv-143-JMH |
| STATE FARM FIRE AND CASUALTY CO., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*

This matter is before the Court upon Plaintiff Michael Salyers' "Motion Not to Dismiss" [DE 9] asking the Court to "continue this case" because Plaintiff still believes that Defendant State Farm Fire and Casualty Co. ("State Farm") owes him for 10 months of rent and said "that they would pay up to 24 months for rent if my home wasn't finish[ed]." He further explains that he "can't afford a [l]awyer so [he's] trying to represent himself" and requests that the undersigned "hear this case in Court." Defendant State Farm has filed a Response. The Court being adequately advised and having considered the Motion, the Court will deny it for the reasons set forth below.

The Court granted State Farm's Motion for Summary Judgment on July 22, 2014 [DE 7] and entered a Judgment in favor of State Farm [DE 8]. The basis for that decision was that the contractual limitations clause contained in the subject policy provided that actions for recovery under the policy "must be

started within one year after the date of loss or damage." Plaintiff Salyers filed no response nor provided any opposition to the motion for summary judgment in the twenty-one day period provided by Local Rule 7.1(c). In his "Motion Not to Dismiss," Plaintiff does not criticize the decision reached asking only that the Court permit his case to be heard.

Fed. R. Civ. P. 59 and 60 provide, in rare circumstances, the means by which an aggrieved party may ask the Court to vacate or alter a judgment that has been rendered. Fed. R. Civ. P. 59(e) provides that a party may seek to have a prior order altered or amended when there has been (1) an intervening change of the controlling law; (2) discovery of evidence not previously available which has since become available; or (3) a clear error of law or to prevent manifest injustice. *GenCorp., Inc. v. Am., Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Salyers has identified neither a change in the law nor newly discovered evidence, nor does he suggest that the Court's decision involves a clear error of law or works a manifest injustice. This is a very high bar to overcome, and the Court can find no reason to grant relief as Plaintiff has not identified any factual or legal basis for the Court to reach any decision other than what it reached. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Nor has Salyers identified how any of the six grounds for reconsideration under Fed. R. Civ. P. 60 would permit the Court to reconsider its decision. Fed. R. Civ. P. 60 provides for reconsideration of a judgment where 1) there has been mistake, inadvertence, surprise or excusable neglect; 2) there is newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) there has been fraud, misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable or 6) any other reason that justifies relief. *See GenCorp., Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007). It is not enough to argue, as Salyers does, that Plaintiffs would be able to prevail on the merits of the coverage action if the contractual limitations clause did not time bar their claim. As adjudged by this Court, the claim is time barred, and whether Plaintiffs are correct about the coverage issue is irrelevant.

Finally, this Court may apply "the more 'liberal' pleading standard applicable to pro se litigants[, but it] does not help [Salyers'] cause. While courts must apply 'less stringent standards' in determining whether pro se pleadings state a claim

for which relief can be granted, . . . pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Salyers has raised no argument, artfully or inartfully, which would permit this Court to grant him the relief he requests.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion Not to Dismiss [DE 9] is **DENIED**.

This the 11th day of August, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge